## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **Criminal No.:** |
| **v.** | : | |
| | : | **VIOLATION:  18 U.S.C. §664** |
| **STANLEY KREJCI,** | : | **(Conversion from Pension Plan)** |
| | : | |
| Defendant. | : | |

## <u>INFORMATION</u>

The United States Attorney charges:

1.      From on or about January of 1996, through at least May of 2000, STANLEY KREJCI worked as the President and Chief Operating Officer of The Interface Group ("Interface"), a small (five to seven employees) executive search firm located in Washington, D.C.  Interface, at various times, also called itself "The Interface Group/Boyden," and "Boyden" based on its then affiliation with a national chain of search firms.  KREJCI formally assumed the position as the sole Trustee for Interface's bifurcated pension plan (the "Plan"), comprised of a Profit Sharing Plan ("PSP") and a Money Purchase Plan ("MPP"), in April of 1996.  Under KREJCI's direction in 1996, Plan assets were switched from accounts managed by Charles Schwab to an account managed by Merrill Lynch, and the PSP and MPP assets were merged.  Despite this relocation and merger of assets, however, checks written on the Merrill Lynch account continued to bear the label of either the MPP or PSP.  Interface has since gone into bankruptcy, but the underlying business continues as a going concern under a reorganization with a different name.

2.      The MPP provided for deferred benefits to plan participants based upon employer contributions, forfeitures, and earnings in plan investments.  Benefits were distributed to participants or beneficiaries at retirement, death, disability or termination from employment.

3.      The PSP provided for deferred benefits to plan participants based upon employee and employer contributions, employer matching contributions, profit sharing contributions, forfeitures, and earnings in plan investments.  Benefits were distributed to participants or beneficiaries at retirement, death, disability or termination from employment.

4.      At all times relevant to this Information, Interface, the sponsor of the Plan, was an employer engaged in commerce and in industries and activities affecting commerce, and at all times material to this Information the Plan was subject to Title I of the Employee Retirement Income Security Act of 1974 (ERISA, 29 U.S.C. §§1001 et seq.).

5.      At all times relevant to this Information, KREJCI was the Plan's sole administrator, Trustee, and fiduciary.  In that capacity, defendant was required to discharge his duties with respect to the pension plan solely in the interest of the participants and beneficiaries and for the exclusive purpose of (a) providing benefits to participants and their beneficiaries and (b) defraying reasonable expenses of administering the plan, while acting with the skill, prudence and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of a like enterprise.  (29 U.S.C. § 1104(1).)

6.      From on or about September 1998, through on or about May, 2000, in the District of Columbia, KREJCI did unlawfully and willfully abstract and convert to the use of another, in the amount of $100,539.87, the moneys, funds, securities, premiums, credits, property and other assets of the Plan, an employee pension benefit plan subject to ERISA, and of a fund connected with such plan, in that KREJCI executed multiple checks that drew money from the Plan.

(Conversion from Employee Pension Plan or a Fund Connected with Such Plan in the Private Sector, in violation of Title 18, United States Code, Section 664).

KENNETH L. WAINSTEIN
United States Attorney
D.C. Bar # 451058

By:      _____
Chad Sarchio
D.C. Bar No. 459098

_____
Thomas E. Zeno
D.C. Bar No. 348623
Assistant United States Attorneys
United States Attorney's Office
555 4th Street, N.W., 5th Floor
Washington, DC  20530
(202) 514-7544

3