# ANTHONY JAY, JR.
**7311 Walnut Knoll Drive**
**Springfield, VA 22153**

January 11, 2006

The Honorable Emmet G. Sullivan,
United States District Court for the District of Columbia
3rd and Constitution Avenue, N.W.
Washington, D.C. 20001.

RE: Case 05-286 Stanley L. Krejci

Dear Judge Sullivan:

I am writing on behalf of Mr. Stan Krejci whom I have known professionally and personally for almost 20 years.

I am a Certified Public Accountant and Chief Operating Officer/Chief Financial Officer of Commercial Carpets of America. I was formerly the Executive Vice President and Chief Operating Officer of United Press International and am past President of the Washington DC Chapter of Financial Executives International (FEI).

The Stan Krejci I know is an open and generous individual who has always been helpful to everyone he has come in contact with. In addition Stan has been extremely generous with one of his most valuable possessions, his time. He has contributed his time and efforts to numerous business and philanthropic organizations in the Washington Area which in turn has added to growing our local economy and the quality of life of our community.

I would suggest that as a result of the plea agreement Mr. Krejci has been publicly humiliated and punished. I know that he has been forced to resign from organizations from which he has been an invaluable member for years and his reputation in the community has been damaged. The camaraderie and stature among his peers has also suffered as has his ability to generate income. Any additional punishment, such as prison, would not necessarily be to the benefit of anyone.

Sincerely,

Anthony J. Jay, Jr.

WWC
SECURITIES, LLC

1911 Freedom Drive
Suite 1010
Reston, Virginia 20190

Tel. 703.736.9446
Fax. 703.736.9447

January 25, 2006

Honorable Emmet G. Sullivan
Unitied States District Court for the District of Columbia
3rd and Constitution Avenue, N.W.
Washington, DC 20001

Regarding Case 05-286

Dear Judge Sullivan:

When I first began to read an article in The Washington Post about the legal problems of "Stanley Krejci," I thought to myself that it could not be the same "Stan" that I know. After reading a few paragraphs and without finishing, I diverted my attention to another article of interest. A few days later, when talking to a colleague, I found out that the article was indeed about the "Stan" that I know and I was truly astonished.

From my general knowledge of Stan -- his personality and prominent stature in the community -- it seemed incomprehensible that he could be involved in any sort of wrongdoing. As well as I know Stan, I believe that in this instance he must have made a legitimate, innocent mistake. From what I understand here, I do not believe Stan benefited in any way so it is hard to imagine what motive there may have been making the whole situation even more unbelievable. Nevertheless, I believe Stan would not do anything intentionally, for his own benefit or not, that would cause harm to others or be unlawful. To the extent that a mistake was made, it appears that it is something that could have happened to a lot of people, unwittingly, and I am sure he would do whatever he could within his power to rectify the mistake.

I have known Stan Krejci for about five years. I met him through an international professional business organization known as The Association for Corporate Growth ("ACG"). Internationally, ACG has thousands of prominent business leader members and is organized as a large number of united, but fairly independent, regional chapters. The local chapter, "ACG National Capital," is widely regarded as one of the best such chapters in the world and has about 400 select members from the Washington, DC metropolitan area. Its membership consists of the region's best and brightest consisting of CEOs, CFOs, business owners, top professional service providers, and other prominent executives and business leaders. Stan was most recently elected to serve as President of this prestigious organization and we were all excited to see him officially begin his duties later in 2006. However, because of his legal problems and uncertain future, Stan has resigned. I know that, given his situation, there are other worthy pursuits that he has had to back away from.

Among other community-building activities, I know that Stan has been an instrumental leader for a DC-based charter school for youths (I do not know the name of the school). He has assembled for the school an effective, diverse, and multi-disciplined Board of Directors. Stan and the talent he recruited to help lead the school have made terrific progress in improving the quality of education for the students, as well as the quality of life and job satisfaction for the faculty. In addition, I know that Stan has made leadership and management contributions to the school that have led to improved fiscal responsibility and cost controls. The limited resources of the school are being utilized better than ever. This is an activity that he enjoys. It is easy to get him to talk about it -- he is very proud of his efforts and accomplishments at the school.

In my dealings with Stan, he has always acted extremely responsibly and operated with the utmost integrity. I would never hesitate to send business to him, and in fact, have an opportunity to refer him business currently that I am in the process of doing. I have never heard anyone say anything negative about Stan. I have only heard people praise his efforts in the community and his commitment to and love of his profession and his clients.

All of us who know Stan professionally realize the seriousness of his situation. It has been a reminder to us all that we must remain diligent and lawful, and not compromise our ethics in our business pursuits. However, it is also a reminder that mistakes can happen to well-intentioned, good people, and that the associated consequences can be overwhelming. It is a situation we all hope to avoid by doing our best, but on occasion, perhaps our best may not be good enough. I hope that Stan's mistake was not egregious to the point where he must suffer additionally.

I ask you to consider Stan's overall case, and that perhaps his suffering, humiliation, remorse, and efforts to make things right, are punishment enough and that you may be as lenient as possible with him. He is a good man and it would be a tragedy to the community and society, not to mention to himself and to his family, to lose him even for a brief period. I thank you for your time and consideration in this matter.

Sincerely,

Wm. Braun Jones, III
Partner
WWC Capital Group, LLC