HONORABLE EMMET G. SULLIVAN, UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

UNITED STATES OF AMERICA : Docket No.: Cr-05-0286

vs. : SSN:

Krejci, Stanley : Disclosure Date: **January 19, 2006**

FEB 2 3 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## RECEIPT AND ACKNOWLEDGMENT OF PRESENTENCE INVESTIGATION REPORT

This is to acknowledge that each of the undersigned has received and reviewed the Presentence Investigation Report (PSR) in the above-entitled case. The undersigned further acknowledges that:

**For the Government**

(CHECK APPROPRIATE BOX)

( ) There are no material/factual inaccuracies therein.

( ) There are material/factual inaccuracies in the PSI report as set forth in the attachment herein.

_____    _____
Prosecuting Attorney                Date

**For the Defendant**

(CHECK APPROPRIATE BOX)

( ) There are no material/factual inaccuracies therein.

(X) There are material/factual inaccuracies in the PSI report as set forth in the attachment.

_____ 15 Feb 06    _____ 15 Feb 06
Defendant         Date         Defense Counsel   Date

### NOTICE OF OBLIGATION OF THOSE EXECUTING THIS FORM

Pursuant to Local Rule 32.2, those executing this form shall first submit any material inaccuracies or disputes in writing by **February 2, 2006**, to U.S. Probation Officer **Deborah Stevens-Panzer**, telephone number **(202) 565-1422**, fax number **(202) 273-0242**.

Pursuant to Rule 32(b)(6)(B), effective December 1, 1994, it shall be the responsibility of the Attorney for the Government and the Defense Counsel to provide each other with a copy of the objections at the same time the objections are filed with the probation office.

**FOR THE COURT**

By: Richard A. Houck, Jr., Chief
    United States Probation Officer

¶ 14    "Mr." should be changed to "Ms." With respect to Ms. Englander and Ms. Ruggerio.

¶ 18    The words "his own purposes" should be stricken from this sentence and in their place inserted "the use of the Company."

¶ 25    Specific Offense Characteristic: the loss amount should be corrected to reflect amounts returned by Mr. Krejci, and should be to $60,039.87, resulting in a +6 adjustment.

As set forth in Mr. Krejci's Sentencing Memorandum and Motion and in his Motion Regarding Loss, in calculating the loss, the $100,539.87, which reflects the amount of money taken from the Plans, should be reduced by (i) the $20,500 Mr. Krejci sent to Mr. Marumoto, to be returned to the Plans, in November 2000, a year before Mr. Krejci had knowledge of any investigation; and (ii) the $20,000 in Plan assets Mr. Marumoto ordered conveyed a week after Mr. Krejci ceased employment.

¶ 29    Adjusted Offense Level (Subtotal): this figure should be amended to reflect the applicable loss level, to 14.

¶ 31(a)-(d)    New paragraph should be inserted to reflect applicable downward adjustments on the following bases:

1.   U.S.S.G. § 2B1.1 -- The Loss Overstates the Seriousness of the Offense: -4.

As set forth in detail in Mr. Krejci's Sentencing Memorandum, the loss overstates the seriousness of Mr. Krejci's offense in view of the circumstances reflective of his intent (e.g., having used the funds solely to the support the Company; having at the outset lawfully made withdrawals; having documented each withdrawal) and his extraordinary efforts at restitution.

2.   U.S.S.G. § 5K2.11 -- Lesser Harms: -4.

As set forth in Mr. Krejci's Sentencing Memorandum, Mr. Krejci, in agreement with Mr. Marumoto, had *lawfully* caused the plans to loan funds to keep Interface from collapse -- a result that, among other things, would have cost Ms. Englander and Ms. Ruggiero, the victims, their jobs. In September 1999, for the *same benign motives,* Mr. Krejci transferred further amounts. His conduct violated 18 U.S.C. § 664 only when the transfers began to reduce the Plan interests of Ms. Englander and Ms. Ruggiero. Mr. Krejci transferred the funds in order to *help others,* the Company and victims included, and avoid what he reasonably perceived as the greater harm of the Company's collapse.

   3. U.S.S.G. § 5K2.20 -- Aberrant Behavior: -4.

As set forth in detail in Mr. Krejci's Sentencing Memorandum, Mr. Krejci's offense was committed without significant planning, was of limited duration, and represented a marked deviation from an otherwise law-abiding life. Moreover, the offense conduct -- writing checks from the Plan to Interface -- was exactly the same conduct that Mr. Krejci had engaged in lawfully over the three years preceding the offense. The offense consists of a singular, limited failure to act -- i.e., to ascertain the account balances and application of ERISA requirements. The occasions in which Mr. Krejci wrote checks that drew on unauthorized funds were not separate or multiple steps or building blocks to the accomplishment of some scheme, but rather components of the single omission that constitutes the offense.

   4. U.S.S.G. § 5K2.0 -- Extraordinary Charitable Works: -4.

As set forth in detail in Mr. Krejci's Sentencing Memorandum, Mr. Krejci's acts of community service and charity throughout his life are so extraordinary as to make a downward departure both reasonable and appropriate under § 5K2.0. Community service, while a discouraged factor under the Guideline § 5H1.11, may serve as a basis for a downward departure under § 5K2.0 if present to an exceptional degree. Mr. Krejci's history of community service and charitable participation is truly extraordinary, as the more than 100 letters submitted on his behalf uniformly attest, and moves this case out of the Guidelines' heartland, warranting a downward departure.

¶ 32 Total Offense Level: this figure should be amended, in light of the lesser attributable loss and applicable downward departures, to 0.

¶ 46 The words "through the U.S. Navy's post-graduate program" should be added to the end of the last sentence of this paragraph.

¶ 60 Guideline Provisions: this paragraph should be amended by adjusting the Total Offense Level to 0, and the corresponding guideline imprisonment range of 0 to 6 months.

¶ 66 Guideline Provisions: this paragraph should be amended to reflect that Mr. Krejci is within Zone A, and is eligible for probation.

¶ 74 This paragraph should be amended to reflect the following bases that warrant departure:

  a. Guideline Based Departures: discussed above in relation to ¶¶ 31(a)-(d), these are:

      1.    U.S.S.G. § 2B1.1 -- The Loss Overstates the Seriousness of the Offense: -4.

      2.    U.S.S.G. § 5K2.11 -- Lesser Harms: -4.

      3.    U.S.S.G. § 5K2.20 -- Aberrant Behavior: -4.

      4.    U.S.S.G. § 5K2.0 -- Extraordinary Charitable Works: -4.

b.    18 U.S.C. § 3553(a) Departure to Probation. As is set forth in Mr. Krejci's Sentencing Memorandum and Motion, a probationary sentence is permissible, appropriate and just under the relevant factors of Section 3553(a).

      1.    A Probationary Sentence Properly Accounts for the Nature and Circumstances of the Offense and the History and Characteristics of Mr. Krejci.

      2.    A Probationary Sentence Reflects the Seriousness of the Offense, Promotes Respect for the Law and Is a Just Punishment.

      3.    A Probationary Sentence Is Adequate and Appropriate Deterrence.

      4.    The Need to Protect the Public From Future Crimes Is Not Implicated.

      5.    Care, Treatment or Training of Mr. Krejci Is Best Served By A Probationary Sentence.

      6.    Mr. Krejci Has Made Full Restitution to the Victims.